## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | | |
|---|---|---|
| DUNKIN' DONUTS INCORPORATED,<br>a Delaware Corporation, and<br>DUNKIN' DONUTS USA, INC.,<br>a Michigan Corporation,<br><br>          Plaintiffs,<br>   v.<br><br>MARY'S DONUTS, INC.,<br>a Florida Corporation,<br>JUAN F. GUTIERREZ,<br>EUSTAQUIO R. FERNANDEZ,<br>and GIRALDA MALAGON,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 01-0392-CIV-<br>GOLD/SIMONTON |

## PLAINTIFF'S EMERGENCY MOTION TO COMPEL COMPLIANCE
## WITH SUBPOENA AND MEMORANDUM IN SUPPORT

Once again, Plaintiff Dunkin' Donuts, Inc. and Dunkin' Donuts, USA, Inc., ("Dunkin'")

has served routine discovery in this case and now finds itself before this Court with a motion to

compel.  On February 13, 2002, Dunkin' served a subpoena and deposition notice on Jack C.

Miller, Defendants' accountant, for a deposition initially scheduled for March 15, 2002.  Miller,

now represented by Defendants' counsel, asserted two days ago on March 13, 2002 that he

would not appear at the deposition unless he was paid $150 per hour for his time.  There is no

basis for this claim, and Dunkin' moves this Court for an Order compelling Miller to attend his

deposition, now tentatively rescheduled for March 22, 2002, without the need for Dunkin' to pay

$150 per hour for his time.  Also, Miller objects to bringing any documents with him to the

deposition, despite a subpoena requiring him to do so.  Dunkin' is entitled to see Miller's

accounting documents for the Defendants from year 2001 and up to the present, as well as all of

Miller's original documents.  Thus, Dunkin' moves for an Order compelling Miller to comply

with the subpoena and to bring his accounting documents to the deposition.

## BACKGROUND

Pursuant to Rule 45(c), in an effort to avoid any undue burden on Mr. Miller, Dunkin'

subpoenaed Miller on or about February 13, 2002 and noticed his deposition for March 15, 2002

*at Miller's own office*, at 1849 North University Drive, Coral Springs, Florida 33071.  (See Ex.

1.)  Pursuant to Dunkin's subpoena, Miller was required to make available his original

accounting records for use at the deposition.  Thus, compliance with the subpoena would be

easy; Mr. Miller could simply arrive at his office for the deposition, and the documents would

already be there.  On February 14, 2002, Miller, through Defendants' counsel, objected to the

subpoena as (1) inconsistent with Rule 34(b), (2) cumulative and duplicative with a July 30,

2002 subpoena *duces tecum* previously served on Mr. Miller, and (3) overbroad and burdensome

in that Miller claimed he would be unreasonably required to determine which documents were

responsive.  (See Ex. 2.)

Miller also objected to the location of the deposition at his office; he asserted that he had

injured his foot and could not drive.  One would think that Miller's asserted incapacity would

make his own office the best place for the deposition.  Although asserting that he cannot be

deposed at his own office, Miller refuses to bring any documents with him to any other location,

and he has explicitly refused to travel to Miami to Dunkin's local counsel's office.  Rather, he

claims that he will only be deposed in Coral Springs at a location *other than* his own office.

Nevertheless, Dunkin' is willing to pay for a conference room at the Coral Springs Trade Center

in order to take Miller's deposition.

On March 13, 2002, two days before the scheduled deposition, counsel asserted on Mr.

Miller's behalf that he would need to be paid $150 per hour or "no deposition will take place on

Friday." (See Ex. 3.)  Again on March 14, 2002 Miller through counsel explicitly stated that he

would not appear for a deposition without an agreement that Dunkin' pay him in advance.  (See

Ex. 4.)  But Dunkin' need not pay Miller an hourly rate for his deposition, and Dunkin' is

entitled to have Mr. Miller bring his documents with him.

## ARGUMENT

Dunkin' is not required to pay Miller for his time at his deposition.  Mr. Miller is not an

expert witness, and he has been tendered the statutory $40.00 attendance fee, per 28 U.S.C.,

section 1821(b).[1]  Dunkin' will also pay Miller whatever mileage he incurs in accordance with 28

U.S.C., section 1821(c)(2).  Such mileage cost will be nominal at best because the deposition is

now scheduled at the Coral Springs Trade Center, which is very near Miller's office.  Dunkin'

has no obligation to pay Miller beyond these statutory reimbursements.

Mr. Miller has asserted that he will suffer an undue burden, and will lose $1500 per day

due to the deposition.  Certainly being deposed may be an inconvenience, but alleged lost

earnings do not fall within the scope of what constitutes an undue burden under Fed. R. Civ.

45(c).  In *Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C. Cir. 1995), the Court of Appeals for the

District of Columbia Circuit rejected an attorney/deponent's motion to quash a subpoena based

on the subpoena issuer's refusal to pay him the earnings he would lose from his law practice

while at the deposition.  In that case, the deposition was expected to last three days.  The D.C.

Circuit held that loss of earnings for that time period did not constitute undue burden under Rule

---

[1] A check made out to Jack Miller for $40.00 was sent by overnight delivery on March 14, 2002 to Miller's counsel.

45(c), and they affirmed the magistrate's ruling that the $40.00 per day fee was all the witness

was entitled to.

The same result occurred in *Mangla v. The University of Rochester*, 168 F.R.D. 137, 139

(W.D.N.Y. 1996). There, a non-expert, treating physician, third-party deponent alleged that he

would suffer a financial burden as a result of the earnings lost due to time spent preparing for,

traveling to, and during the deposition itself. *Id*. The Court denied the deponent's request for

reimbursement of his hourly billing rates. *See also Baker v. Taco Bell Corp.*, 163 F.R.D. 348,

350 (D.Colo. 1995)(same). As these cases make clear, Mr. Miller cannot force Dunkin' to pay

his hourly rate in this matter.

Nor can Miller avoid bringing documents to the deposition. In their first objection

against bringing documents to the deposition, counsel claim that the subpoena "fails to comply

with Fed. R. Civ. P. 34(b)." See Ex. 2, Objection Letter, at 1. However, Fed. R. Civ. P. 34(b)

governs requests for the production of documents that are served on parties to an action, and not

subpoenas served on nonparties. Thus, the citation to that rule is inapposite and would not

excuse noncompliance with the subpoena.

Miller also argues that the subpoena is "unreasonably cumulative and duplicative of" the

earlier July 30, 2002 subpoena *duces tecum*. In or about October, 2002, Miller did produce

records responsive to a July 30, 2001 subpoena *duces tecum*. (See Ex. 5.)[2] But the February 13,

2002 deposition subpoena is not duplicative in that there are surely documents generated or

reviewed by Mr. Miller since his production of documents last Fall. To date, Dunkin' has

received a very incomplete set of documents for the year 2001 as part of Miller's earlier

production of documents. The accounting records for 2001 are critical documents in this case

---

[2] The Court also ordered that such documents be produced on November 1, 2002.

C.A. No. 01-0392-CIV-
GOLD/SIMONTON

given the large deposits of cash into the Defendants' accounts in that year.  Obviously Miller

cannot assert a claim of duplicative production when these documents have never been produced

before.

Moreover, any duplication between the February 13, 2002 deposition subpoena and the

July 30, 2001 subpoena *duces tecum* is designed to save time for both parties at Mr. Miller's

deposition.  Mr. Miller will benefit by bringing the requested original documents to the

deposition since he will be more easily able to locate information from his own originals, with

which he is already familiar, than if he uses the copies produced to Dunkin', which may not be in

the same order as the original material.

Miller's counsel also objects that the subpoena is "overbroad and burdensome."  Ex. 2,

Objection Letter, at 1.  This objection is not based on an alleged undue burden of time and cost,

and Miller has provided no evidentiary support for such a claim.  *See, e.g., Northrop Corp. v.*

*McDonnell Douglas Corp.*, 751 F. 2d 395, 401 (D.C. Cir. 1984) (holding that a search of 967

cubic feet of documents, taking hundreds of worker hours, was not oppressive enough to warrant

quashing a subpoena); *see also Landry v. Airline Pilots Ass'n*, 901 F.2d 404, 435-436 (5th Cir.

1990) (successful objection based on cost of depositions); *Kostelecky v. NL Acme Tool/NL*

*Indus., Inc.*, 837 F.2d 828, 832-33 (8th Cir. 1988) (same).  Rather, the objection alleges that one

of the several document requests contained in the February 13, 2002 subpoena is vague, "as it

requires [Mr. Miller] to determine what documents or other information may or may not relate to

the subject matter of the particular request for discovery."

But this objection is completely inconsistent with Mr. Miller's assertion that he already

produced documents responsive to the identically worded subpoena duces tecum dated July 30,

2002.  Miller does not explain why the same request in the February 13, 2002 deposition

C.A. No. 01-0392-CIV-
GOLD/SIMONTON

subpoena is now vague when he was able to produce documents responsive to the same request in October, 2001. *Compare* Ex. 1, February 13, 2002 Deposition Subpoena at Attachment A thereto *with* Ex. 5, July 30, 2001 Subpoena *Duces Tecum* at Attachment A thereto. Moreover, the portion of the February 13, 2002 subpoena which is allegedly vague is only that portion which seeks documents dated since 1994 which "relate in any way" to the Defendants. The remainder of the subpoena seeks specific categories of documents to which Mr. Miller's vagueness objection is inapplicable.

In any event, Dunkin' should be allowed to examine the full universe of Defendants' books and records during its deposition of Mr. Miller, and Mr. Miller should be prepared to rely upon those documents when giving testimony. Dunkin' is also entitled to inspect Mr. Miller's originals to ensure that they are identical to the copies produced to Dunkin'.

## CONCLUSION

For the foregoing reasons, Dunkin' respectfully requests this Court enter an Order compelling Jack Miller to comply fully with the subpoena served upon him on or about February 13, 2002, and to appear for his deposition, currently scheduled for March 22, 2002, with responsive documents, and without the need for Dunkin' to pay him beyond the statutorily required reimbursements.

C.A. No. 01-0392-CIV-
GOLD/SIMONTON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy was hand delivered to the following this 15-th day

of March, 2002 to: Robert F. Salkowski, Esq., Zarco, Einhorn & Salkowski, Counsel for third-,

party deponent Jack C. Miller, Counsel for Defendant Mary's Donuts, Inc. et al., 100 S. E.

Second Street, Bank of America Tower Suite 2700, Miami, FL 33131.

Respectfully submitted,

_(FOR)_

Robert L. Zisk
David L. Smith
Gregory Zini
SCHMELTZER, APTAKER & SHEPARD, P.C.
2600 Virginia Avenue, N.W.
Suite 1000
Washington, D.C. 20037
(202) 333-8800
Fax: (202) 625-3311

William Davis (191680)
Lawrence B. Lambert (0032565)
BUCHANAN INGERSOLL, P.C.
100 S.E. Second Street, Suite 2100
Miami, Florida 33131
(305) 347-4080

Attorneys for Plaintiffs
Dunkin' Donuts Incorporated and
Dunkin' Donuts USA, Inc.

118191 -1.MIA2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

|  |  |  |
|---|---|---|
| DUNKIN' DONUTS INCORPORATED,<br>a Delaware Corporation, and<br>DUNKIN' DONUTS USA, INC.,<br>a Michigan Corporation,<br><br>Plaintiffs,<br>v.<br><br>MARY'S DONUTS, INC.,<br>a Florida Corporation,<br>JUAN F. GUTIERREZ,<br>EUSTAQUIO R. FERNANDEZ,<br>and GIRALDA MALAGON,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 01-0392-CIV-<br>GOLD/SIMONTON |

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 26.1(I), the undersigned counsel for Plaintiff Dunkin' Donuts Incorporated, hereby certifies that a good faith attempt was made to resolve the issues presented by Dunkin's Emergency Motion to Compel Compliance with Subpoena via teleconferences with Robert Salkowski counsel for Jack C. Miller and Defendants, on March 12, 13, 14 and 15 2002, and as also evidenced by the e-mail attachments appended to the memorandum in support of the motion. The issue as to the location of the deposition has been resolved, as it will occur in Coral Springs, Florida. The issues relating to the production of documents and the payment of an hourly fee could not be resolved.

*[signature]*

Dated: March 15, 2002

AO 88 (Rev. 11/91) Subpoena in a Civil

# United States District Court

SOUTHERN _____ DISTRICT OF ____ FLORIDA, Miami Division

Dunkin' Donuts Inc., et al.,

        Plaintiffs,

     v.

Mary's Donuts, Inc., et al.,

        Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:  01-0392-CIV-GOLD

TO:  Jack C. Miller, CPA, PA
   1849 North University Drive
   Coral Springs, FL 33071

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.pursuant to Federal Rule 30(b)(6)*

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 1849 North University Drive<br>Coral Springs, FL 33071 | March 15, 2002/9:00 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| 1849 North University Drive<br>Coral Springs, FL 33071 | March 15, 2002/9:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

 * Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6). See Attachment B

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*    Attorney for Plaintiffs<br>Dunkin' Donuts Inc., et al. | February 13, 2002 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David L. Smith, SCHMELTZER, APTAKER & SHEPARD, P.C., 2600 Virginia Ave., N.W., Suite 1000, Washington, D.C. 20037 (202) 333-8800

**EXHIBIT "1"**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (1/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | February 13, 2002 | 1849 North University Drive<br>Coral Springs, FL 33071 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jack C. Miller, CPA, PA | Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Jose M. Garcia | Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___February 13, 2002___
<br>DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER
2600 Virginia Ave., N.W., Ste. 1000
Washington, D.C. 20037

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

1.       For January 1, 1994 through the present, produce all files, documents, records, correspondence, and computer printouts, including but not limited to all bookkeeping and accounting records, tax returns, financial statements, worksheets, payroll records, ledgers, journals, check registers, invoices, canceled checks, and any other records or documents in your possession that relate to **Mary's Donuts, Inc.** (employer identification # 65-0401207); d/b/a **Dunkin' Donuts** at 30125 S. Dixie Highway in Miami, Florida 33033, 413 S.E. 1st Avenue in Florida City, Florida 33034, and Building 920, Homestead Air Force Base in Homestead, Florida 33039; and/or **Juan F. Gutierrez** (social security no.: 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); and/or **Eustaquio R. Fernandez** (social security no.: 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); and/or **Giralda Malagon** (social security no.: 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) ("Subject Parties"), whether individually or jointly.

2.       For January 1, 1994 through the present, produce all files, documents, records, correspondence, and computer printouts, including but not limited to all tax returns, financial statements, bank statements, real estate documents, and any other records or documents in your possession that relate to any businesses, in which any of the Subject Parties have or had an interest, whether individually or jointly.

3.       For January 1, 1994 through the present, produce any and all other documents in your possession that relate in any way to the Subject Parties, whether individually or jointly.

*Dunkin' Donuts Incorporated v. Mary's Donuts, Inc.*

**ATTACHMENT B – ACCOUNTANCY FIRM JACK MILLER CPA**

The corporate representative of the accountancy firm Jack Miller CPA with the most knowledge as to the following topic:

(1)  Accounting and bookkeeping services performed for Mary's Donuts, Inc., Bethel Land, Inc., Coral Dental Center, Inc., Juan Gutierrez, Giralda Malagon, and/or Eustaqiuo Fernandez for the period of 1994 through the present, including the interpretation of any and all accountants workpapers, general ledgers, and other documents created or drafted as part of such services.

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing subpoena to Jack C. Miller,

CPA was served by Federal Express on this 13th day of February 2002 on the following:

> Himanshu M. Patel, Esq.
> Zarco & Pardo
> Bank of America Tower
> 100 Southeast 2nd Street, Ste. 2700
> Miami, FL  33131
>
> Attorney for the Defendants

David L. Smith

AO 88 (Rev. 11/91) Subpoena in a Civil

# United States District Court

SOUTHERN **DISTRICT OF** FLORIDA, Miami Division

Dunkin' Donuts Inc., et al.,

                Plaintiffs,

        v.

Mary's Donuts, Inc., et al.,

                Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 01-0392-CIV-GOLD

TO:  Jack C. Miller, CPA
1849 North University Drive
Coral Springs, FL 33071

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 1849 North University Drive Coral Springs, FL 33071 | March 15, 2002/9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| 1849 North University Drive Coral Springs, FL 33071 | March 15, 2002/9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*    Attorney for Plaintiffs Dunkin' Donuts Inc., et al. | February 13, 2002 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David L. Smith, SCHMELTZER, APTAKER & SHEPARD, P.C., 2600 Virginia Ave., N.W., Suite 1000, Washington, D.C. 20037 (202) 333-8800

**EXHIBIT "1"**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | February 13, 2002 | 1849 North University Drive<br>Coral Springs, FL 33071 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jack C. Miller, CPA | Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Jose M. Garcia | Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___February 13, 2002___
<br>DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

2600 Virginia Ave., N.W., Ste. 1000
Washington, D.C. 20037

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

1.      For January 1, 1994 through the present, produce all files, documents, records, correspondence, and computer printouts, including but not limited to all bookkeeping and accounting records, tax returns, financial statements, worksheets, payroll records, ledgers, journals, check registers, invoices, canceled checks, and any other records or documents in your possession that relate to **Mary's Donuts, Inc.** (employer identification # 65-0401207); d/b/a **Dunkin' Donuts** at 30125 S. Dixie Highway in Miami, Florida 33033, 413 S.E. 1st Avenue in Florida City, Florida 33034, and Building 920, Homestead Air Force Base in Homestead, Florida 33039; and/or **Juan F. Gutierrez** (social security no.: 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); and/or **Eustaquio R. Fernandez** (social security no.: 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); and/or **Giralda Malagon** (social security no.: 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) ("Subject Parties"), whether individually or jointly.

2.      For January 1, 1994 through the present, produce all files, documents, records, correspondence, and computer printouts, including but not limited to all tax returns, financial statements, bank statements, real estate documents, and any other records or documents in your possession that relate to any businesses, in which any of the Subject Parties have or had an interest, whether individually or jointly.

3.      For January 1, 1994 through the present, produce any and all other documents in your possession that relate in any way to the Subject Parties, whether individually or jointly.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing subpoena to Jack C. Miller,

CPA, PA was served by Federal Express on this 13th day of February 2002 on the following:

> Himanshu M. Patel, Esq.
> Zarco & Pardo
> Bank of America Tower
> 100 Southeast 2nd Street, Ste. 2700
> Miami, FL  33131
>
> Attorney for the Defendants

David L. Smith

## ZARCO & PARDO

PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW
BANK OF AMERICA TOWER
100 SOUTHEAST 2ND STREET
SUITE 2700
MIAMI, FLORIDA 33131

ALEJANDRO BRITO
JUDE C. COOPER
ROBERT M. EINHORN
ELISSA H. GAINSBURG
DANIEL P. GALFOND
STEVAN J. PARDO
HIMANSHU M. PATEL
ROBERT F. SALKOWSKI
ROBERT ZARCO

**MIAMI**
TELEPHONE (305) 374 - 5418
TELEFAX (305) 374 - 5428

**LOS ANGELES**
TELEPHONE (213) 627 - 2449
TELEFAX (213) 627 - 2419

E-MAIL zarcopardo@zarcopardo.com
INTERNET www.zarcopardo.com

February 14, 2002

David L. Smith, Esq.
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, N.W., Suite 1000
Washington, D.C.20037-1905

> **Re:**  **_Dunkin' Donuts, Inc. v. Mary's Donuts, et al._**
> **_Case No. 01-0392_**

Dear David:

Please be advised that this law firm represents Jack C. Miller, CPA, P.A. and Jack C. Miller, individually (collectively, "Mr. Miller"), regarding the deposition notices served on each of them in the above captioned matter. Please direct all future communications directly to undersigned counsel regarding this matter.

Please be advised that Mr. Miller objects to the Notice of Deposition to the extent that it suggests that the deposition shall continue from day to day. In accordance with Fed. R. Civ. P. 30 (d)(1), Mr. Miller shall be produced in his corporate capacity for one deposition limited to seven (7) hours. Additionally, we will need to arrange for another location outside Mr. Miller's office yet within Coral Springs, Florida, in which to take Mr. Miller's deposition. Mr. Miller has injured his foot, and is thus not able to drive at this time. I would suggest that we use the Coral Springs Trade Center.

Separately, Mr. Miller objects to the subpoena duces tecum which requires him to produce certain categories of documents at his deposition. The subpoena duces tecum fails to comply with Fed. R. Civ. P. 34(b). More importantly, the subpoena duces tecum is unreasonably cumulative and duplicative of the documents sought in the subpoena duce tecum dated July 30, 2001, that was served on Mr. Miller. Mr. Miller also objects to the subpoena duces tecum that requests he produce all documents since 1994 that "relate in any way" to any of the Defendants. This request is overbroad and burdensome on Mr. Miller, as it requires him to determine what documents or other information may or may not relate to the subject matter of the particular request for discovery.

## EXHIBIT "_2_"

David L. Smith, Esq.
February 14, 2002
Page 2

Please contact me should you wish to discuss this matter. Otherwise, I will await to hear from you regarding the new location of Mr. Miller's deposition.

Sincerely,

ROBERT F. SALKOWSKI

cc:     R. Zarco, Esq.
        H. Patel, Esq.
        Mary's Donuts, Inc.
        Jack Miller, CPA, P.A. (By fax)
        L. Lambert, Esq.

ZARCO & PARDO
PROFESSIONAL ASSOCIATION

**David L. Smith**

| | |
|---|---|
| **From:** | Robert F. Salkowski [rsalkowski@zarcopardo.com] |
| **Sent:** | Wednesday, March 13, 2002 2:30 PM |
| **To:** | David L. Smith |
| **Subject:** | Jack Miller Depo/Mary's Donuts |

David: The subpoena served on Jack Miller is invalid. Therefore, any appearance by Mr. Miller would be purely voluntary. With this understanding, several issues must be resolved: First, Mr. Miller is requiring that he be paid for his lost time in appearing at this deposition. His hourly rate is $150 per hour. Please confirm in writing that DDI will pay this hourly rate to Mr. Miller. Second, Mr. Miller will not travel to Miami from Coral Springs. As stated today, Mr. Miller cannot drive an automobile at this time because his foot is broken. Therefore, if this deposition goes forward, the deposition must be conducted in Coral Springs, Florida. I left a voice mail message to discuss this matter with you. Until these issues are resolved, no deposition will take place on Friday.


Robert F. Salkowski, Esq.
ZARCO Einhorn & Salkowski, P.A.
100 S.E. 2nd Street, Suite 2700
Miami, FL 33131
Telephone:  (305)374-5418
Fax:        (305)374-5428

1

**EXHIBIT "3"**

**David L. Smith**

| | |
|---|---|
| From: | Robert F. Salkowski [rsalkowski@zarcopardo.com] |
| Sent: | Thursday, March 14, 2002 3:46 PM |
| To: | David L. Smith |
| Subject: | RE: Jack Miller's deposition |

Jack Miller will not attend the deposition unless paid the value of his lost time.

-----Original Message-----
From: David L. Smith [mailto:DLS@saslaw.com]
Sent: Thursday, March 14, 2002 1:32 PM
To: Robert F. Salkowski
Subject: RE: Jack Miller's deposition

I will reserve a room at Coral Springs for 9:00 am on March 22.  I am forwarding today by Fed Ex a check for $40.00 travel fee to Jack Miller c/o you.  Re: the hourly payment of $150 I am reviewing that now; so far I have seen nothing that requires us to pay any hourly rate; if you have authority on this point please tell me what it is.

-----Original Message-----
From: Robert F. Salkowski [mailto:rsalkowski@zarcopardo.com]
Sent: Thursday, March 14, 2002 11:11 AM
To: David L. Smith
Subject: RE: Jack Miller's deposition

David: Jack Miller has indicated that he would be available next Friday, March 22, 2002. Again, however, Mr. Miller confirmed that he will not attend the deposition unless and until DDI agrees in writing to pay for his loss of time, i.e, his hourly rates. Mr. Miller is not on a salary, and is in the middle of his busiest season. Mr. Miller stands to lose at least $1500.00 because of this deposition. Accordingly, he must be paid.

-----Original Message-----
From: David L. Smith [mailto:DLS@saslaw.com]
Sent: Thursday, March 14, 2002 10:24 AM
To: Robert F. Salkowski
Subject: Jack Miller's deposition

Robert; Please confirm a date next week for Miller's deposition.  As I told you, I will do it at the Coral Springs Trade Center any day next week.  I really need to know asap to reserve a room there.  Let me know today.  Thanks.  Dave

PRIVILEGED AND CONFIDENTIAL
This e-mail contains confidential, privileged information intended only for the addressee. Do not read, copy or disseminate it unless you are the addressee. If you have received this e-mail in error, please call us immediately at 202-333-8800 and ask to speak to the message sender. Also, please e-mail the message back to the sender at saslaw.com by replying to it and then deleting it. In such circumstances, you are advised that you may not review, disclose, copy, distribute, or take any other action in connection with the information transmitted. We appreciate your assistance in correcting this error.

1

EXHIBIT "4"

AO 88 (Rev. 11/91) Subpoena in a Civil

# United States District Court

Southern District, Miami Division   **DISTRICT OF**   Florida

Dunkin' Donuts Inc., et al.,

                  **Plaintiffs,**

          V.

Mary's Donuts, Inc., et al.,

                  **Defendants.**

## SUBPOENA IN A CIVIL CASE

**CASE NUMBER:**   01-0392-CIV-GOLD

**TO:**   Jack C. Miller, CPA, PA
13402 SW 128 Street
Miami, FL 33186

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Mail to: Springer Alexander of Schmeltzer, Aptaker & Shepard, P.C. 2600 Virginia Ave., N.W., Ste. 1000, Washington, D.C. 20037 | August 13, 2001 / 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Plaintiffs Dunkin' Donuts Inc., et al. | July 30, 2001 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert L. Zisk, SCHMELTZER, APTAKER & SHEPARD, P.C., 2600 Virginia Ave., N.W., Suite 1000, Washington, D.C. 20037 (202) 333-8800

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

EXHIBIT "5"

AO 88 (11/91) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | July 30, 2001 | 13402 SW 128 Street<br>Miami, FL 33186 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jack C. Miller, CPA, PA | Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| N. Springer Alexander | Paralegal |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___July 30, 2001___
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER
2600 Virginia Ave., N.W., Ste. 1000
Washington, D.C. 20037

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ATTACHMENT A

1.      For January 1, 1994 through the present, produce all files, documents, records, correspondence, and computer printouts, including but not limited to all bookkeeping and accounting records, tax returns, financial statements, worksheets, payroll records, ledgers, journals, check registers, invoices, canceled checks, and any other records or documents in your possession that relate to **Mary's Donuts, Inc.** (employer identification # 65-0401207); d/b/a **Dunkin' Donuts** at 30125 S. Dixie Highway in Miami, Florida 33033, 413 S.E. 1st Avenue in Florida City, Florida 33034, and Building 920, Homestead Air Force Base in Homestead, Florida 33039; and/or **Juan F. Gutierrez** (social security no.: 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); and/or **Eustaquio R. Fernandez** (social security no.: 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); and/or **Giralda Malagon** (social security no.: 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) ("Subject Parties"), whether individually or jointly.

2.      For January 1, 1994 through the present, produce all files, documents, records, correspondence, and computer printouts, including but not limited to all tax returns, financial statements, bank statements, real estate documents, and any other records or documents in your possession that relate to any businesses, in which any of the Subject Parties have or had an interest, whether individually or jointly.

3.      For January 1, 1994 through the present, produce any and all other documents in your possession that relate in any way to the Subject Parties, whether individually or jointly.

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing subpoena to Jack C. Miller, CPA, PA, was served by first-class mail, postage prepaid, on this 30th day of July 2001 on the following:

>     Himanshu M. Patel, Esq.
>     Zarco & Pardo
>     Bank of America Tower
>     100 Southeast 2nd Street, Ste. 2700
>     Miami, FL  33131
>
>     Attorney for the Defendants

Robert L. Zisk